OPINION
{¶ 1} Plaintiff-appellant, Becky Dunaway, widow of Kirby Dunaway and proposed beneficiary of a life insurance policy, appeals a decision of the Clermont County Common Pleas Court granting summary judgment in favor of defendant-appellee, U.S. Financial Life Insurance Company ("USFL"). At issue is whether there was a life insurance policy in effect at the time of Kirby's death.
 {¶ 2} In May 2001, Kirby applied for a life insurance policy from USFL, signed and completed the life insurance application, signed but did not complete a Temporary Insurance Agreement ("TIA") presented with the application, and tendered a check as an attempted premium prepayment. The check was not sent to USFL. In June 2001, the application was approved the day before Kirby's death but was never delivered. The trial court granted summary judgment in favor of USFL on the ground that under the terms of the application and the TIA, the policy was not in effect at the time of Kirby's death.
 {¶ 3} Appellant's assignment of error challenging the grant of summary judgment in favor of USFL is overruled. Upon reviewing the application and TIA, we find that the language in both documents is clear and unambiguous, and that under the terms of both documents, there was no life insurance policy in effect at the time of Kirby's death for the following reasons: On one hand, either Kirby's check did not qualify as a prepayment under the application, in which case paragraph 3(b) of the Declarations of the application applied. The provision clearly states that the policy will not take effect until the policy is delivered to the proposed owner. The policy was never delivered to Kirby. On the other hand, Kirby's check qualified as a prepayment, in which case the TIA applied. It clearly states that if two health related questions are not answered, "no coverage will take effect." Kirby never answered the questions. Summary judgment in favor of USFL was therefore appropriate. See Civ.R. 56(C), Capital Financial Serv., Inc. v. Hibbard (Oct. 9, 1995), Butler App. CA95-04-079.
 {¶ 4} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.